Gilbert **HESS**, Petitioner,

v.

**INTERNAL REVENUE SERVICE**, Respondent.

No. 89-3177.

United States Court of Appeals, Federal Circuit.

Dec. 22, 1989.

Rehearing Denied Feb. 20, 1990.

Mary Ann Tenuto, Asst. Counsel, National Treasury Employees Union, of Oakland, Cal., argued for petitioner. With her on the brief were Gregory O'Duden, Director of Litigation and Kerry L. Adams, Asst.

Director of Litigation, Nat. Treasury Employees Union, of Washington, D.C.

Catherine A. Christman, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With her on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director and Helene M. Goldberg, Asst. Director. Also on the brief was Gary A. Anderson, Asst. Regional Counsel, I.R.S., of counsel.

Before MARKEY, Chief Judge, BISSELL, and ARCHER, Circuit Judges.

BISSELL, Circuit Judge.

Gilbert Hess appeals an arbitrator's award dismissing his grievance as not being arbitrable. *Internal Revenue Serv. Ogden, Utah Serv. Center and the Nat'l Treasury Employees Union* (Jan. 8, 1989) (Schedler, Arb.). We vacate and remand.

## BACKGROUND

Gilbert Hess, as a tax auditor with the Internal Revenue Service (IRS), was in a bargaining unit represented by the National Treasury Employees Union (NTEU) and covered by the IRS collective bargaining agreement. Hess was promoted from the bargaining unit to a supervisory position and remained there until he was demoted to tax auditor for failing probation as a manager. After returning to the bargaining unit, the IRS dismissed Hess for conduct not related to the ground for demotion that occurred while he was a supervisor. Hess elected to grieve his removal through arbitration pursuant to the collective bargaining agreement and 5 U.S.C. § 7121(e)(1) (1988). The IRS opposed Hess' right to arbitrate because his removal was based on alleged misconduct that occurred while he was a supervisor. The case was submitted to the arbitrator on stipulated

facts for a determination of the arbitrability of Hess' grievance.

## ISSUE

Whether a bargaining unit member may elect to grieve an adverse action that is based on conduct occurring while outside the bargaining unit.

## OPINION

■ Title VII of the Civil Service Reform Act provides an "aggrieved employee" with a statutory right of election to file a grievance under the negotiated grievance procedure, rather than an appeal to the Merit Systems Protection Board. 5 U.S.C. § 7121(e)(1). Title 5 excludes "a supervisor or a management official" from the definition of employee. 5 U.S.C. § 7103(a)(2)(B)(iii) (1988). Thus, the dispositive issue is whether arbitrability is based on status, *i.e.*, bargaining unit member or supervisor, at the time of the adverse action or status at the time the underlying conduct occurred.

■ We conclude that the employee's status at the time the adverse action is taken—not the status at the time of the underlying conduct—determines arbitrability.* An employee becomes "aggrieved" due to an agency's adverse action and not because of any action on the employee's part. The time for determining whether he is an "aggrieved" employee is necessarily at the time the adverse action was taken because, prior to that time, he has nothing to appeal and cannot be aggrieved.

At the time of the adverse action, Hess was an employee within the bargaining unit. He was removed from a bargaining unit position, not a supervisory position. Accordingly, we vacate the arbitrator's award and remand for arbitration to proceed.

---

* In *Devine v. Levin,* 739 F.2d 1567 (Fed.Cir.1984), the arbitrability issue resolved was whether the employee fell within the statutory definition of "supervisor." There was no issue raised as to the dispositive time for determining the employee's status, nor any indication of the employee's status at the time of the adverse action. Consequently, the *Levin* court did not decide the issue presented in this case. Therefore, no conflict in the holdings of this court in *Levin* and in the present case should be inferred from the language of the opinion in either.

**COSTS**

Each party to bear its own costs.

**VACATED AND REMANDED.**