**John Hargett BEALL, et al., Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**No. 676–89C.**

United States Claims Court.

Nov. 19, 1990.

Richard J. Hirn, Washington, D.C., for plaintiffs.

Kathryn A. Bleecker, with whom were Asst. Attys. Gen. Stuart M. Gerson, David M. Cohen, and Jeanne E. Davidson, Washington, D.C., for defendant. Myrrel C. Hendricks, Office of Gen. Counsel, Dept. of Commerce, Washington, D.C., of counsel.

## OPINION

BRUGGINK, Judge.

This case is before the court on the Government's motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. In an opinion issued on October 2, 1990 this court dismissed claims made by 26 GS–11 electronics technicians employed by the National Weather Service ("NWS"). *Ackerman v. United States,* 21 Cl.Ct. 484 (1990). The issue there is identical to the main issue in this case: whether the relevant collective bargaining agreement excludes from its purview overtime pay disputes. An additional issue in this case is whether employees who are no longer members of the collective bargaining unit are still within the coverage of the unit's collective bargaining agreement. We will not repeat the discussion in *Ackerman,* but instead adopt it in full. After considering the parties' written and oral arguments, the court concludes that the bargaining agreements do not specifically exclude plaintiffs' overtime pay disputes. The court also concludes, however, that there

are no grounds on which to dismiss the claims of employees who are no longer members of the collective bargaining unit. Thus, for the reasons discussed in *Ackerman* and below, defendant's motion to dismiss is granted in part and denied in part.

### FACTUAL BACKGROUND

In December 1989, plaintiffs filed this action for lost overtime wages from December 1986 to the present. Plaintiffs are John Hargett Beall and 24 others who have filed their written consent to be party plaintiffs in accordance with 29 U.S.C. § 216(b) (1988). The plaintiffs are or were employed as GS–11 electronics technicians by the National Environmental Satellite and Data Acquisition Station ("NESDIS"). NESDIS is a component of the National Oceanic and Atmospheric Administration ("NOAA"), an agency of the Department of Commerce. Plaintiffs are or were employees within the meaning of § 7(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (1988).

As in *Ackerman,* plaintiffs allege that they have been unlawfully exempted from entitlement to overtime compensation under § 7(a),[1] due to their employing agency's adherence to regulations promulgated by the Office of Personnel Management ("OPM"),[2] the agency charged with administering the FLSA with respect to federal employees. *See id.* § 204(f). Defendant contends that plaintiffs are exempt from the FLSA as "professional" employees.

Plaintiffs are or were in a bargaining unit represented by the National Weather Service Employees Organization ("NWSEO") (although NESDIS is not part of the NWS). They are or were covered by a nationwide collective bargaining agreement ("CBA") negotiated by NESDIS and NWSEO which became effective on November 9, 1979. The agreement contains negotiated grievance procedures and a list of grievances which are excluded from those procedures. The language of the agreement does not specifically use the term "Fair Labor Standards Act" in the coverage provisions or the enumerated exclusions.

Two plaintiffs, John Boa and Louis DeAngelis, Jr., are no longer employed by the agency. Boa was employed by NESDIS from October 1977 through January, 1988. DeAngelis was employed by NESDIS from 1979 through October, 1988. After Boa and DeAngelis left NESDIS, they obtained jobs with the NWS, where they are presently employed and covered by a bargaining agreement negotiated between NWSEO and NWS.

### DISCUSSION

The Federal Circuit has held that the exclusivity of collective bargaining agreements, as dictated by the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7101 *et seq.* (1988),[3] means that an agreement must specifically exclude FLSA overtime issues for those disputes not to be limited to negotiated grievance procedures. *Carter v. Gibbs,* 909 F.2d 1452, 1455 (Fed. Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990).

Plaintiffs contend that their FLSA overtime claims are excluded from their CBA's negotiated grievance procedures by Article 10, § 1(i) and therefore cannot be grieved. Article 10, § 1(i) excludes: "Any issue where statutory appeal or complaint systems have been implemented." Plaintiffs argue that Congress has implemented a

---

**1.** Section 7(a) provides that an employer shall compensate its "nonexempt" employees at a rate not less than one and one-half times their regular rate of pay for each hour employed in excess of forty hours per week. This requirement does not apply to employees who are "exempt" from the Act's coverage because they are employed "in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a).

**2.** *See generally Abundis v. United States,* 18 Cl.Ct. 657 (1989).

**3.** Section 7121(a) of the CRSA requires that all collective bargaining agreements contain grievance procedures, and that such procedures "shall be the exclusive procedures for resolving grievances that fall within its coverage." This section further provides that "[a]ny collective bargaining agreement may exclude any matter from the application of the grievance procedures which are provided for in the agreement." 5 U.S.C. § 7121(a).

statutory appeal and complaint system for FLSA violations at 29 U.S.C. § 216 which vests this court with jurisdiction over this case. Therefore, plaintiffs contend, their grievance procedure has no jurisdiction over their FLSA complaints.

The exclusion of Article 10, § 1(i) fails to overcome the presumption of *Carter* that grievance procedures are the exclusive method for resolving FLSA overtime grievances unless the parties provide otherwise. First, the Claims Court is not "a statutory appeal system" since plaintiffs' claims have not yet been addressed. Even if the claims had already been addressed by an arbitrator, plaintiffs' appeal is to the Federal Labor Relations Authority. 5 U.S.C. § 7122 (1988). Nor, in this court's view, was the Claims Court contemplated by the reference to a "statutory complaint system." Although § 216 when read in conjunction with the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988), does vest this court with jurisdiction over FLSA violations, this generalized jurisdictional grant hardly constitutes a complaint system. We conclude that the exclusion was a reference to well-defined, statutorily articulated procedures for resolving complaints, such as those heard by the Equal Employment Opportunity Commission,[4] the Merit Systems Protection Board,[5] and the Federal Labor Relations Authority[6].

Second, the language of the exclusion is far too broad to meet the level of specificity required by *Carter* to exclude plaintiffs' claims from their negotiated grievance procedure. Plaintiffs' interpretation of Article 10, § 1(i) would exclude from the grievance procedure virtually any dispute that could be brought in another forum. Such an interpretation is incompatible not only with the holding in *Carter* but also with the intent of Congress that the CSRA would provide an "integrated scheme of administrative and judicial review." *See Carter,* 909 F.2d at 1456 (quoting *United States v.*

*Fausto,* 484 U.S. 439, 445, 108 S.Ct. 668, 672, 98 L.Ed.2d 830 (1988)). Particularly in view of the type of issue raised here—whether conversion of employees to non-exempt status was correct—the rationale of *Carter* is implicated. Such determinations necessitate "proof as to each plaintiff," *Abundis v. United States,* 18 Cl.Ct. 657, 664 (1989), and raise local, fact-specific issues that are best suited to the grievance procedures provided for by the CBA.

■ Plaintiffs also contend that their FLSA overtime claims are excluded from negotiated grievance procedures by Article 10, § 1(n) which precludes grievances over "interpretation of regulations from higher authorities." Plaintiffs argue that in order to resolve the issue of whether plaintiffs are properly exempt, the arbitrator would have to interpret the OPM regulation defining the "professional" exemption, which appears at 5 C.F.R. § 551.206 (1990), to see whether that exemption applies to plaintiffs. Plaintiffs further argue that such a grievance would also constitute a challenge to NESDIS's interpretation of OPM's FLSA regulations, upon which the agency relied when it converted plaintiffs to exempt status in 1985.

Again, such a broad exclusion does not overcome the presumption of *Carter* that these claims are "grievances" subject to the negotiated procedures of the CBA. Furthermore, the exclusion addresses interpretation of regulations from higher authorities, and plaintiffs' claims do not dispute interpretation of OPM regulations but rather their application. The statutory definition of "grievance" recognizes the distinction between misinterpretation and misapplication. 5 U.S.C. § 7103(a)(9)(C)(ii) (1988).

The regulations to which plaintiffs refer are OPM's regulations that modified the criteria for determining whether a federal employee was exempt from coverage of the

---

**4.** 42 U.S.C. §§ 2000e to 2000e–17 (1988).

**5.** 5 U.S.C. §§ 1201–1209 (1988); *see also* 5 U.S.C. § 7121(d) (prohibited personnel practice), § 7121(e)(1) (performance or discipline related adverse actions).

**6.** 5 U.S.C. §§ 7101–7106; *see also* 5 U.S.C. § 7118 (unfair labor practices).

overtime provisions of the FLSA. 48 Fed. Reg. 49,494 (October 25, 1983). These regulations, which were later codified, stated in part "that any employee properly classified at GS–11 or above . . . shall be presumed to be exempt" from the mandatory overtime provision of the act. 5 C.F.R. § 551.203(c) (1986) ("presumption regulation"). Soon after the presumption regulation took effect it was invalidated by the United States Court of Appeals for the District of Columbia Circuit. *American Fed'n of Gov't Employees, AFL–CIO v. Office of Personnel Management*, 821 F.2d 761 (D.C.Cir.1987). Thus, an arbitrator will not need to review the validity of the OPM regulation or NESDIS's interpretation of that regulation, but simply enforce the law applicable to plaintiffs' claims. *See Abundis*, 18 Cl.Ct. at 664.

After independently analyzing the relevant exclusions of the current national agreement,[7] the court finds that the CBA does not specifically exclude FLSA matters from its grievance procedure. *See also Adams v. United States*, 20 Cl.Ct. 542 (1990). Therefore the claims are "grievances" within § 7103(a)(9) of the CSRA. Accordingly, the exclusivity provision of the CSRA, 5 U.S.C. § 7121(a)(1), provides that the grievance procedure is the exclusive remedy for resolving plaintiffs' pay claims.

■ A separate question arises, however, as to plaintiffs Boa and DeAngelis. They allege that they are no longer members of the NWSEO–NESDIS bargaining unit and have not been covered by that unit's collective bargaining agreement since they left NESDIS. Thus, they argue that they do not have access to the negotiated grievance procedure for their FLSA claims. Boa and DeAngelis point to Article 10 § 1(j) which excludes from the grievance procedures of the CBA at issue, "Complaints or appeals from persons outside the bargaining unit." [8]

Defendant argues that since Boa and DeAngelis were part of the bargaining unit while the claims for overtime arose, they continue to be covered by the agreement. Defendant offers no support for this contention. Defendant further argues that the agreement does not specifically exclude those employees and, thus, concludes that the exclusive method for resolving their disputes is the grievance procedure of their CBA.

Defendant's argument is analytically unsound. Section 7121(a)(1) of the CSRA states that grievance "procedures shall be the exclusive procedures for resolving grievances which fall within its coverage." The question thus becomes whether plaintiffs' grievances fall within the coverage of the CBA such that they presently have access to the remedies it affords. Defendant does not address this issue but rather incorrectly assumes that the claims arose under the CBA. The merits of Boa's and DeAngelis' claims have nothing to do with the CBA. They arise under the FLSA. The only potential relevance of the agreement is as a procedural remedy. Defendant has not established that this remedy is presently available to the former NESDIS employees, and thus, the exclusivity language of § 7121(a)(1) does not apply. Neither the statute nor *Carter* address this issue. Without more, the court has no grounds to dismiss the claims of Boa and

---

7. Plaintiffs also raise the concern that if their claims are dismissed by the court, they may be barred by the statute of limitations if the claims are subsequently heard by an arbitrator. The fact that an arbitrator may apply the statute of limitations to limit plaintiffs' claims is insufficient to confer jurisdiction on the court.

8. Plaintiffs suggest that this exclusion should be read in conjunction with Article 10, § 9 which provides:

If any employee resigns, dies, or otherwise leaves the NESS [NESDIS] employment rolls by any action before a decision is reached on a grievance which is being processed and no compensation is involved, action will be stopped and all interested parties will be notified that the case is being closed without a decision.

Article 10, § 9 does not apply to plaintiffs Boa and DeAngelis. Here, the grievance was not being processed at the time Boa and DeAngelis

DeAngelis.[9]

## CONCLUSION

For the reasons expressed above, and there being no just reason for delay, the court grants defendant's motion to dismiss for lack of jurisdiction as to all plaintiffs except Boa and DeAngelis. Defendant is further ordered to respond to plaintiffs' Motion to Compel Discovery by December 10, 1990 and to plaintiffs' Motion for Summary Judgment as to Liability by December 17, 1990. The Clerk is directed to enter judgment accordingly. No costs.

---

left the bargaining unit. Furthermore, their claims do seek compensation.

9. The original complaint asks for back pay from December 14, 1986 to the present. The court assumes that the claims of plaintiffs, Boa and

DeAngelis, are limited to the period when they were employed by NESDIS. They are currently employed at NWS and subject to a collective bargaining agreement which defendant does not contend bars their claims here.