James J. AAMODT, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 623–89C.

United States Claims Court.

April 5, 1991.

Thomas A. Woodley, Washington, D.C., for plaintiffs. Gregory K. McGillivary, of counsel.

Shalom Brilliant, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen, and Jeanne E. Davidson, Washington, D.C., for defendant.

## OPINION

BRUGGINK, Judge.

This action involves overtime pay claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (1988). Plaintiffs are past or present GS–1811 special agents with the Immigration and Naturalization Service ("INS"). On January 18, 1991, this court considered its jurisdiction to entertain the plaintiffs' claims in light of the holding in *Carter v. Gibbs,* 909 F.2d 1452, 1458 (Fed.Cir.) (*en banc*), *cert. denied,* — U.S. —, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990).[1] The court divided the plaintiffs' claims into three categories: 1) plaintiffs presently in a bargaining unit covered by a 1976 collective bargaining agreement between INS and the National Border Patrol Council ("NBPC"), 2) plaintiffs presently in a bargaining unit covered by a 1990 agreement between INS and the National Immigration and National Naturalization Service Council ("NINSC"), and 3) plaintiffs who were formerly either bargaining unit members covered by the NBPC agreement or bargaining unit members covered by the NINSC agreement.

Applying *Carter,* the court held that it had jurisdiction as to the claims of the NBPC plaintiffs but lacked jurisdiction as to the claims of the NINSC plaintiffs. The court found that the NBPC agreement specifically excluded FLSA overtime pay disputes, while the NINSC agreement did not. As to the plaintiffs in the third group, plaintiffs who were no longer members of either bargaining unit, the court directed further briefing by the parties, as well as by designated *amici* who are involved in certain related cases.[2] After considering the *amicus* briefs and the parties' written and oral arguments, the court concludes that it does not have jurisdiction over the claims of former members of bargaining units for whom a grievance process was available when their claims arose.

## DISCUSSION

■ The issue is whether this court has jurisdiction over the claims of former bargaining unit members whose claims arose while they were employed by INS and while they were bargaining unit members. Relying on the rationale of *Carter,* the Government contends that jurisdiction is lacking as to claims that arose when the claimants were bargaining unit members since they could have raised those claims in the negotiated grievance process.[3] Plaintiffs counter that neither the Civil Service Reform Act ("CSRA")[4] nor the relevant bargaining agreements bar these plaintiffs from seeking relief in this court.

In *Carter,* the Federal Circuit held that the CSRA made grievance procedures in bargaining agreements the exclusive method for resolving FLSA overtime disputes between parties to those agreements unless the parties specifically provided otherwise. The court concluded that the CSRA's exclusivity provision precluded plaintiffs from obtaining judicial review of their overtime claims. That provision states that negotiated grievance procedures in a collective bargaining agreement

---

1. In *Carter,* the Federal Circuit held that, pursuant to 5 U.S.C. § 7121 (1988), negotiated grievance procedures in collective bargaining agreements are the exclusive method for resolving overtime pay disputes unless the agreement specifically provides otherwise. *See also Amos v. United States,* 22 Cl.Ct. 724 (Cl.Ct.1991); *Beall v. United States,* 22 Cl.Ct. 59 (1990); *Ackerman v. United States,* 21 Cl.Ct. 484 (1990); *Adams v. United States,* 20 Cl.Ct. 542 (1990).

2. *Amicus* briefs were filed by the plaintiffs in *Adams v. United States,* No. 90–162C (Cl.Ct. filed Feb. 16, 1990) and *Armitage v. United States,* No. 139–89C (Cl.Ct. filed Mar. 17, 1989).

3. The Government does not contend that the court lacks jurisdiction to entertain those claims that arose after plaintiffs left the bargaining unit.

4. 5 U.S.C. § 7101 *et seq.* (1988).

"shall be the exclusive procedures for resolving grievances which fall within its coverage." 5 U.S.C. § 7121(a)(1). As the court observed, Congress through the CSRA " 'comprehensively overhauled the civil service system,' " 909 F.2d at 1455 (quoting *Lindahl v. OPM*, 470 U.S. 768, 773, 105 S.Ct. 1620, 1624, 84 L.Ed.2d 674 (1985) ), and "narrowly circumscribed the role of the judiciary in its carefully crafted civil service scheme," *id.* at 1456.

In its January 18, 1991 order, the court addressed, in light of *Carter*, the question of whether the court has jurisdiction over the FLSA claims of current bargaining unit members. The court considered the relevant bargaining agreement exclusions and held that there is jurisdiction as to the claims of NBPC plaintiffs who were covered at all relevant times by the 1976 bargaining agreement, but that there is not jurisdiction as to the claims of NINSC plaintiffs who were covered at all relevant times by the 1990 bargaining agreement. The bargaining agreement relevant to the NBPC plaintiffs did exclude FLSA overtime disputes while the bargaining agreement relevant to the NINSC plaintiffs did not.

The court did not address the question of whether the court has jurisdiction over the FLSA claims of former NINSC bargaining unit members.[5] It is clear that if these plaintiffs were still employed in their former positions and were bargaining unit members covered by the 1990 agreement, the court would lack jurisdiction under the exclusivity provision of the CSRA and the plain import of *Carter*. What is not clear is whether a subsequent change in employment status or bargaining unit membership removes the jurisdictional bar.

There is no clear authority on this issue. The court in *Carter* did not identify any plaintiffs as former members of the union and thus had no occasion to address whether any change in employment status between the time the employees' claims arose and the filing of their claims would have affected the result there.

The 1990 agreement and the exclusivity provision of the CSRA apply only to "employees." Plaintiffs contend that since persons who retired, died, transferred or were promoted out of the bargaining unit prior to filing are not employees, they are no longer affected by the 1990 bargaining agreement or the CSRA.[6] In making their argument plaintiffs assume that the time of filing their complaint is controlling in determining whether plaintiffs are "employees."[7] That assumption begs the question at issue, however.[8]

---

**5.** There is no dispute that the court has jurisdiction over the NBPC plaintiffs who are no longer members of the bargaining unit. The claims of those plaintiffs, even if covered by their unit's bargaining agreement, are excluded from its grievance procedures.

**6.** Unlike retirees and separated employees, persons who transferred to other government bases prior to filing their claims in this court are still employed by "an agency" and so they may be "employees" within the definition of the CSRA. However, the transferee plaintiffs are no longer members of any bargaining units at issue in this case.

**7.** The *Armitage amicus* cites *F. Alderete Gen. Contractors v. United States*, 715 F.2d 1476, 1480 (Fed.Cir.1983), as a basis for focusing on the employee's status within a bargaining unit at the time the suit is filed to determine jurisdiction. The court in *Alderete* stated that there is a "longstanding rule in the Federal courts that jurisdiction is determined at the time the suit is filed." *Id.* at 1480. The court held that the fact that a public contract was awarded after transfer from district court but before the Claims Court could rule on the merits of the case did not defeat jurisdiction in this court. *Alderete* is inapposite. It merely stands for the proposition that, if a court possesses jurisdiction at the time the suit is filed, it is not divested of jurisdiction by subsequent events, including action of the parties. It does not shed light on whether this court has jurisdiction over the FLSA claims at issue in this case.

**8.** Plaintiffs also rely on *Beall*, 22 Cl.Ct. at 62. In *Beall*, the court declined to apply *Carter* as a jurisdictional bar to FLSA claims of two employees who were no longer members of the relevant collective bargaining unit. Contemporaneously with this opinion, the court has reconsidered the issue presented by these two employees and is entering an order dismissing the plaintiffs remaining in that action. To the extent the procedural posture of that case framed the issue resolved here, the earlier decision in *Beall* was in error in not granting the motion to dismiss.

Defendant points to *Hess v. Internal Revenue Serv.*, 892 F.2d 1019, 1020 (Fed. Cir.1989), in support of its argument that the proper focus of this court's jurisdictional inquiry is the time the claim arose and that subsequent events should not affect that determination. In *Hess*, the Federal Circuit held that the arbitrability of an employee's claim, in an adverse action context, is determined by the employee's employment and bargaining unit status at the time the adverse action is taken by the agency, and not his status at the time the underlying conduct occurred.

At the time the conduct charged occurred, the plaintiff in *Hess* was a supervisor and excluded from the bargaining unit. *Id.* at 1020. Hess was later demoted from his supervisory position and returned to the bargaining unit. After his demotion, Hess was dismissed for conduct which occurred while he was a supervisor but which was not related to the demotion. Hess elected to grieve his dismissal through arbitration, as provided for in the I.R.S. bargaining agreement. The I.R.S. opposed Hess' right to arbitrate on the grounds that the misconduct occurred while he was a supervisor. Rejecting the Government's position, the court determined that the bargaining agreement remedies were available to Hess because he was a member of the bargaining unit on the date of the Government's adverse action, the dismissal. The court pointed out that an employee becomes "aggrieved" due to an agency's adverse action and not because of any action on the employee's part. *Id.*

Defendant urges the court to draw the general lesson from *Hess* that it is the bargaining unit status at the time of the action complained of that should be the focus of the court's jurisdictional inquiry.

It also cites for the same general proposition several arbitration decisions. *See In re San Francisco Community College Dist.*, 92 LA 109, 111 (1988); *In re South Lyon Board of Educ.*, 86 LA 398, 402 (1985); *In re Dover Corp.*, 48 LA 965, 968 (1966); *In re Hudson Tool and Mach. Co.*, 21 LA 431, 433–34 (1953) (arbitrator found in each of these cases that the claim was grievable even though the grievant was no longer an employee, because it arose while the grievant was still an employee and a member of the bargaining unit).

Other than the analogous support which can be drawn from *Hess* and the arbitration decisions, the court has little further to draw on other than the rationale of *Carter* and earlier cases discussing the CSRA. That rationale, however, represents a distinct inertia created by earlier Supreme Court decisions construing the CSRA,[9] and plainly would suggest a preference in the present circumstance for a non-judicial remedy. *Carter* emphasized that there are important policy considerations involved in interpreting the CSRA: "We have consistently heeded 'the Supreme Court's admonitions to leave the architecture of the federal personnel system to Congress.' ... We also stressed that courts 'should abstain completely from inventing other remedies when Congress has set up a complete, integrated statutory scheme.' " *Carter*, 909 F.2d at 1456 (quoting *Volk v. Hobson*, 866 F.2d 1398, 1402–03 (Fed.Cir.1989)). "[I]t is 'inappropriate' to 'supplement' the 'comprehensive procedural and substantive provisions' of the CSRA." *Carter*, 909 F.2d at 1456 (quoting *Bush v. Lucas*, 462 U.S. 367, 368, 103 S.Ct. 2404, 2406, 76 L.Ed.2d 648 (1983)). "[W]e decline [the] invitation to

---

9. *See also United States v. Fausto*, 484 U.S. 439, 445, 108 S.Ct. 668, 672, 98 L.Ed.2d 830 (1988) (CSRA's "integrated scheme of administrative and judicial review"); *Lindahl*, 470 U.S. at 773, 105 S.Ct. at 1624 (CSRA "comprehensively overhauled the civil service system"); *Bush v. Lucas*, 462 U.S. 367, 388, 103 S.Ct. 2404, 2417 (CSRA's "elaborate remedial system that has been construed step by step, with careful attention to conflicting policy considerations"); *Carter*, 909 F.2d at 1455 (quoting *Karahalios v. National Fed'n of Fed. Employees, Local 1263*, 489 U.S.

527, 535, 109 S.Ct. 1282, 1287–88, 103 L.Ed.2d 539 (1989)) (" 'the collective bargaining mechanisms created by the [CSRA] do not deprive employees of recourse to any of the remedies otherwise provided by statute or regulation,' the agreement they negotiate with the government may"); *Harris v. United States*, 841 F.2d 1097, 1099 (Fed.Cir.1988) (where negotiated grievance procedures bar access to this court "the issue is not whether anyone's judicial review is foreclosed, but only whether a claimant must pursue one route or another").

meddle with the civil service system." *Carter,* 909 F.2d at 1458.

The rationale of these decisions would be severely undercut if any grievance, which otherwise would have to be arbitrated, could be bought in court by the serendipity of a plaintiff having retired or died, for example. Permitting such persons (or their estates) the option of filing a suit after some change in bargaining unit status would be inconsistent with the reasoning in *Carter* and with the plain meaning of the phrase, "exclusive remedy," in the CSRA. Every pay claim committed to the negotiated grievance process also would be potentially actionable in the federal courts. The "carefully crafted civil service scheme" created by the CSRA would be disrupted if any claim committed to the negotiated grievance process could become subject to judicial resolution merely by virtue of the claimant's departure from the bargaining unit.

It is no answer to argue that, if the court were to decide that plaintiffs must seek redress through their negotiated grievance procedure, these remedies may well be unavailable at this time. The court takes no position on whether these claims are in fact grievable. It may be that they are. *See In re San Francisco Community College Dist.,* 92 LA at 111; *In re South Lyon Board of Educ.,* 86 LA at 402; *In re Dover Corp.,* 48 LA at 968; *In re Hudson Tool and Mach. Co.,* 21 LA at 433–34. In any case, the fact that the claims are non-grievable would not be enough for the court to assert jurisdiction. *See Beall,* 22 Cl.Ct. at 62 n. 7 (fact that arbitrator may apply the statute of limitations to limit plaintiffs' claims is insufficient to confer jurisdiction of the court); *Adams,* 20 Cl.Ct. at 549 (fact that pay claims were ultimately found non-negotiable does not confer jurisdiction on the court); *McGregor v. Greer,* 748 F.Supp. 881, 884 (D.D.C.1990) (court dismissed challenge to adverse personnel action on ground CRSA provided exclusive remedy for such actions, even though plaintiff had no remedy under the CSRA). Although there may be anomalous results in some cases, the question is whether the court should honor the clear statutory preference for directing employees to resolve covered disputes through the collective bargaining mechanism.

Besides being consonant with *Carter,* analytically, this is the correct result. Insofar as defendant seeks dismissal, there was no time during which plaintiffs were potentially entitled to overtime pay when they were not also under a disability with respect to litigating their claims in court. Now that they are no longer bargaining unit members, plaintiffs wish to return to that same period of time with respect to the merits of their claims, but they want to ignore another aspect of their employment at that same time—their bargaining unit status. There is no principled reason not to take into account as well the latter aspect of their status.

 The court concludes that the employee's employment and bargaining unit status at the time aggrieved determines whether the employee is covered by a bargaining agreement and its grievance procedure, and not the employee's status at the time of filing. The court also concludes that if the grievance procedure was the exclusive remedy for claims that were grievable when they arose, the court lacks jurisdiction regardless of whether the employee subsequently left the bargaining unit. Accordingly, the claims of NINSC plaintiffs who are no longer members of the bargaining unit covered by the 1990 agreement, and whose claims arose while they were members in the bargaining unit, will be dismissed.

## CONCLUSION

For the reasons expressed above, and there being no just reason for delay, the court grants defendant's motion to dismiss for lack of jurisdiction the claims of NINSC plaintiffs who are former bargaining unit members covered by the 1990 agreement and whose claims arose while they were members of that bargaining unit. In accordance with this order and the order of

January 18, 1991, the Clerk is directed to enter partial judgment dismissing the claims of all NINSC plaintiffs listed in the attachments.[10]

## NATIONAL IMMIGRATION & NATURALIZATION SERVICE COUNCIL

ADAMS, DONNA
ALANIZ, JR., MARCELINO
ALLMAN, EUGENE IGNATIUS
AMBROGIO, JOSEPH PAUL
ANDRADE, VALENTIN
AUGUSTINE, LAWRENCE J.
AYALA, JESSE
BABCOCK, BLAIR ANDREW
BARLOW, CRAIG R.
BARRANTI, MICHAEL
BAUMGARDNER, JAN B.
BEDDOW, WALTER H.
BENNETT, ELODIA GUZMAN
BLANK, NORMA J.
BOETEL, LARRY DENNIS
BOURAS, MICHAEL D.
BOWER, MICHAEL JOHN
BRAZIER, IDA M.
BRIOLA, JULIAN S.
BROWER, VICTOR DOMINIC
BUCHANAN, MICHAEL DENNIS
BYERS, DONALD W.
CAMPBELL, THOMAS C.
CANDLER, RONALD R.
CANNAN, LAWRENCE CHARLES
CAPPELL, BRUCE E.
CARTON, RAYMOND J.
CASSITY, DONALD F.
CASTILLO, JUAN
CLAIBORNE, DALE E.
CLOVER, STEVEN HARDING
COLON, ROBERT
COOK, JAMES E.
COPLEY, III, JAMES RILEY
CORREA, JR., ANDRES
COTE, GARY L.
CRISPINO, GERALD RAYMOND
CURTIN, JAMES W.
D'ALESSIO, THEODORE SAM
DECHOUDENS, JOSE R.
DONNELLY, JOSEPH THOMAS
DUKETE, PETE
DUNKIN, RONNIE GENE
De LEON, GUSTAVO
EGBERT, GARY L.
ELLIS, KENNETH PAUL
ENGLAND, GODFREY GERALD
ESCARCEGA, JESUS
EVANS, DONALD IVAN
FEHER, JOHN J.
FINNERTY, MICHAEL JOSEPH
FISHER, EDWARD W.

AGUIRRE, BENNY C.
ALEXANDER, BONNIE J.
ALVARADO, DANIEL S.
ANDERSON, LARRY ALAN
ANTON, HENRY GEORGE
AYALA, ARTHUR J.
AYERS, RONNIE R.
BALL, LARRY E.
BARR, BERNARD
BARRY, MICHAEL JOHN
BEATTY, RICHARD M.
BENNETT, ANDREW A.
BIGGS, THAD A.
BLEEZARDE, PHILIP M.
BORLIN, KERN A.
BOURNAZOS, BILL J.
BRADLEY, DALE
BREWSTER, RONALD RICHARD
BRIONES, JUAN
BROWN, SAMUEL C.
BURKLAND, BILLY CHARLES
CAMPBELL, GEORGE E.
CAMPOS, GUSTAVO
CANN, DEBORA LYNN
CAPIO, FRED THOMAS
CARSTENS, WADE LARRY
CASON, THOMAS P.
CASTILLO, AURORA ELSA
CHABOT, RICHARD JOHN
CLARK, DANNY J.
COLON, JOSE RAUL
CONGLETON, WILLIAM J.
COOKFAIR, WILLIAM EARL
COPPAGE, MARY DIANNE
CORTEZ, JUSTINO C.
CRANE, KENNETH K.
CRUMB, MICHAEL ALBERT
CURTIS, TERRY LEE
DANTER, THOMAS LEONARD
DEVINE, PATRICK JOHN
DOWDLE, JR., EDWARD D.
DUMOND, WILSON GUY
De ALBA, CRESENCIANO
EASTON, BRENT LEE
EHRLICH, NELSON A.
EMBICK, WILLIAM
EPPERLY, JAMES NEAL
ESPARZA, MARIO F.
FAIRLEY, VERNON
FERNANDEZ, FRANCISCO ENRIQUE
FIRTH, ROBERT ALFRED
FISHER, JR., WILLIAM E.

**10.** Plaintiff Cindy Wishinsky presents a unique case. She has been promoted to a non-supervisory position. As a result of her promotion, she has been excluded from the bargaining unit. She seeks backpay for the time period prior to and after her promotion. Only her claims accruing before her promotion are dismissed. She otherwise remains a plaintiff.

FLANAGAN, EUGENE M.
FORD, TYRONE THEODORE
FRADERA, THOMAS S.
FUHRMANN, RONALD L.
GARCIA, LOUIE RAMIREZ
GATI, MICHAEL ANGELO
GIBBLE, BETH M.
GLIDDEN, DWIGHT EDWARD
GRABSKI, JON DANIEL
GRITZUK, RICHARD L.
GUTIERREZ, JR., JOE GILBERT
HALL, MAURICE SAMUEL
HALL, RUSSELL WARREN
HARDING, THOMAS K.
HARRIS, ROBERT N.
HAWES, MICHAEL THOMAS
HIGGINS, JR., JAMES JOS.
HOBERT, TONY R.
HOELTER, PETER FREDERICK
HOPKINSON, FRANK SCHRYER
HOUGHTALING, TIMOTHY C.
HRYSYZEN, JAMES
JAHRMAN, VINCENT W.
KELLY, SEAN PATRICK
KILLEBREW, RONALD H.
KUNKLE, JAMES D.
LASACK, ROBERT LOUIS
LEGGS, NARCISO P.
LEVERING, DAVID L.
LINDEMANN, DAVID SCOTT
LOPEZ, GILBERTO
LOPEZ, JR., ALBERTO
LUCAS, ROBERT DARREL
LYNCH, ANDREW JAMES
MAHONEY, MICHAEL THOMAS
MARQUEZ, ARMANDO VALLES
MARTINEZ, JUAN
MARTZ, CHESTER L.
MAYNARD, DAVID LARRY
MCINTYRE, JAMES P.
MCMAHON, JR., ROBERT J.
MENDEZ, JOHNNY G.
MESHIRER, DAVID DONALD
MILLER, JAMES D.
MITCHELL, CHARLES THOMAS
MOORE, ROBERT G.
MOSS, RONNIE LEE
MURRAY, KEVIN FRANCIS
NAVE, LARRY WAYNE
NICHOLSON, DAVID E.
NORRMAN, NEIL R.
NUSBAUM, STEVEN EUGENE
OKAMURA, FRANK M.
ONN, EDWARD A.
OWENS, JOHN J.
PATTERSON, STEPHEN M.
PHILPOTT, HEATHER FERN
PINEDA, ALFONSO MEDINA
PIWOWARCZYK, RONALD E.
POSADA, YASMIN
PREJEAN, LEE R.

FORD, LARRY P.
FOX, JR., JOHN D.
FRAUSTO, EDWARD
GARCIA, JOSEPH M.
GARDSBANE, JOSEPH
GIAIMO, WILLIAM J.
GIDRON, JOHNNY
GOVE, GARY CLIFFORD
GRIMSEY, ROBERT W.
GUILLAN, JUAN M.
HAGELSTEIN, EDWARD K.
HALL, RONALD NORMAN
HANKIN, DALE S.
HARDMAN, MICHAEL THOMAS
HATCH, CURTIS D.
HERNANDEZ, JUAN C.
HILL, ROBERT C.
HODSON, BARRY OLIVER
HOLGUIN, ROBERTO I.
HORNUNG, ROBERT
HOWELL, BRENDA G.
HUTCHENS, CHARLES V.
KEEFE, KEVIN JOHN
KICKBUSH, JAMES KENNETH
KRUG, LAWRENCE D.
KUNTZ, CONSTANCE BARBARA
LEE, CEDRIC S.Y.
LEIGHTON, BRIAN DEREK
LINDAMOOD, JOHN D.
LOBAUGH, JR., HOWARD S.
LOPEZ, ROQUE L.
LORENZ, MICHAEL DEAN
LUND–COHEN, LILLIAN EVELYN
LeGATES, PAMELA D.
MALLON, BRIAN PETER
MARSICO, JEFFREY A.
MARTINEZ, JR., ALONZO
MATHEOS, GEORGE JOHN
MCCASLIN, CRAIG EUGENE
MCKENZIE, CLYDE W.
MELNYK, IHOR RAYMOND
MENTZ, ALBERT G.
MICHELIN, MICHAEL A.
MINER, LLOYD WILLIAM
MONIN, FRANCIS MICHAEL
MORELLI, ROCCO A.
MOY, LARRY W.
MURRAY, STEPHEN M.
NEYSTEL, OLE
NOLAND, GERALD W.
NOVAK, WALTER J.
NYGAARD, J. KENT
OLSON, GARY W.
ORTIZ, ALBERT
PARODI, FRANK
PETERSON, JOAN MARIE
PIERCE, KERRY VICTOR
PINKERTON, LARRY LEE
PLASCENSIA, DIANE MARIE
POWELL, RICHARD JOHN
PRINCE, CHARLES E.

PROTTEAU, LONALD GREGORY
PULETASI, PALASI SAM
PUZIO, MICHAEL EDWARD
REEVES, JR., WILLIS THOMAS
RETKOWSKI, EUGENE JOSEPH
REYNA, JOSE L.
RIEBAU, MICHAEL G.
ROBINSON, JAMES M.
RONEY, STEVEN K.
RUDOLPH, DeANDRE DARRYL
SALEMME, PHILIP MICHAEL
SANCHEZ, GUILLERMO
SAVINI, RICHARD C.
SCHEPF, EDWARD EARL
SCHULTZ, STEVEN W.
SIMANK, ROGER A.
SIUDA, JR., MATTHEW J.
SMIETANA, JR., JOHN J.
SMITH, RAND H.
SMOTHERS, GILBERT AUSTIN
SOTO, GUILLERMO, W.
SPREKELMEYER, ROBERT JOSEPH
ST. JOHN, LYDIA
STENNIS, GROVER E.
STIVER, JEFFREY KEITH
STONEBRAKER, RICHARD
TABER, THOMAS HARRY
TANAKA, BYRON M.
TERRY, ANDREW JACKSON
TOLA, EDWARD V.
TRENT, ROBERT M.
UPSON, JAMES STUART
VALENCIA, HECTOR MANUEL
VEGA, MANUEL P.
VERRILLI, JOHN G.
VON OHLEN, RICHARD JOHN
WADE, JAMES FRANCIS
WALLACE, WILLIAM D.
WARD, ALAN DALE
WEBB, JACK E.
WEESS, JOHN ANDREW
WILLIS, JIMMIE W.
WISE, GILBERTO J.
WOLSTENHOLME, JEFFREY LYNN
WOODS, CHARLES ALLEN
WYNN, SHARON ANN
ZAPPULLA, HENRY JOHN

PRUITT, CHARLES ALFRED
PUTNAM, GEORGE CHARLES
RAMIREZ, DAVID G.
REMSEN, JOHN MICHAEL
REYES, GLENN EDWARD
RICE, RONALD WILLIAM
ROBINSON, DONALD ALLEN
ROBINSON, RANDOLPH
ROSEMOND, JAMES TIMOTHY
RUTHLING, HUGO EUGENE
SANCHEZ, EDMUNDO
SANTIAGO, ARNALDO M.
SCHAUB, WILLIAM F.
SCHLOSS, VICTOR A.
SHILLAIR, KENNETH ALAN
SIMMONS, SOCORRO GRAFTON
SMALL, CAROLYN ANN
SMITH, DENNIS JAMES
SMITH, WILLIAM F.
SORRENTO, ANGELO V.
SPENCE, JIMMY L.
SPURLOCK, ERNEST M.
STACHOWSKI, WILLIAM JOHN
STETHEM, MERLE EDWARD
STOLFI, THOMAS J.
STRAUB, RONALD R.
TAFOYA, LISA S.
TECZAR, JAMES L.
THOMPSON, CARYL GEORGE
TOY, GILBERT
TURNER, ALVIN PRESTON
VAILLANCOURT, BRIAN J.
VALERIO, STEVEN
VELA, RUBEN DARIO
VILLARREAL, JOSE MANUEL
VOSPER, MARK DAVID
WAGNER, BRUCE A.
WANG, ARTHUR P.
WASHINGTON, JOHN J.
WEBER, SCOTT ALAN
WILEY, RICHARD CLAUDE
WILSOW, TERENCE D.
WOFFORD, JR., MONTIE WEESE
WOLSTENHOLME, PATRICK JOHN
WOODWARD, LUKE D.
WYNNE, CAROLE J.
ZARFL, MANFRED

---

## RETIRED OR TRANSFERRED OUT OF UNIT (NINSC)

KIRKLAND, JOSEPH C.
SAUSSER, RONALD LEE
WARD, JIMMIE M.

PASSAFIUME, COLLEEN S.
VRAA, IVAN S.